# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:11-cv-01110-AWI-SKO |
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO PROVIDE SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR INTERLOCUTORY SALE** |
| v. | |
| APPROXIMATELY $7,562.00 IN CURRENCY, et al., | (Docket No. 32) |
| Defendants. | |
| | **ORDER CONTINUING THE HEARING ON CLAIMANTS' MOTION FOR STAY AND PLAINTIFF'S MOTION FOR INTERLOCUTORY SALE UNTIL JANUARY 11, 2012** |
| _____/ | (Docket Nos. 30, 32) |

## I. INTRODUCTION

On October 18, 2011, Claimants Edwan Dablan, Nasry Dablan, Hana Dablan, and Nabila Dablan (collectively, "Claimants") filed a motion to stay the proceedings in this civil forfeiture action pending the outcome of a criminal action currently pending against Claimant Edwan Dablan ("Edwan"). (Doc. 30.) The civil forfeiture action seeks to forfeit currency and vehicles.

On November 16, 2011, Plaintiff United States of America ("Plaintiff") filed an opposition to Claimants' motion and a motion for an interlocutory sale of the defendant vehicles. (Docs. 31,

32.)  Claimants did not file either a reply brief or an opposition brief as to Plaintiff's motion for an interlocutory sale.

The Court has determined that in the interest of judicial economy, these motions shall be considered together.  However, for the reasons set forth below, before the Court can make a determination as to the motions, Plaintiff is ORDERED to provide supplemental briefing concerning the motion for interlocutory sale.

## II. BACKGROUND

On July 5, 2011, Plaintiff filed a verified complaint for forfeiture *in rem* seeking the forfeiture of approximately $7,562 in currency and eleven (11) vehicles.  (Doc. 1.)  The complaint alleges that the defendant currency and vehicles were furnished or intended to be furnished in exchange for a controlled substance or listed chemical, are proceeds traceable to such an exchange, or were used or intended to be used to facilitate a violation of 21 U.S.C. § 841 *et seq.*  (Doc. 1, ¶ 1.) Plaintiff alleges that Edwan engaged in the illegal sale of narcotics and then engaged in numerous structured currency transactions in an attempt to conceal the money generated from the illegal activity.  (Doc. 1, ¶ 5.)  Plaintiff asserts that Edwan used the money to purchase property and vehicles and, as such, the defendant currency and vehicles are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).  (Doc. 1, ¶¶ 1, 5.)

On September 26, 2011, Claimants filed verified claims in civil forfeiture alleging innocent ownership interests in the defendant currency and vehicles.  (Docs. 25-28.)  On October 18, 2011, Claimants filed the instant motion to stay.  (Doc. 30.)  Claimants assert that Edwan is currently awaiting trial in a criminal case and that this action should be stayed pursuant to 18 U.S.C. § 981(g) until the conclusion of the criminal case.

On November 16, 2011, Plaintiff filed an opposition to Claimants' motion and a motion for interlocutory sale.  (Docs. 31, 32.)  Plaintiff contends that it would be prejudiced if this case was stayed, as the value of the numerous seized defendant vehicles continues to diminish and Plaintiff is subject to continuing monthly storage and maintenance fees currently totaling over $35,000.00. Plaintiff asserts that it has communicated to Claimants' counsel that Plaintiff needs to sell the vehicles before proceeding with or agreeing to a stay of the litigation.  Claimants' counsel informed

Plaintiff that Claimants would not to agree to a sale; however, Plaintiff asserts that there has been no confirmation that Claimants' counsel discussed the matter with Claimants or that a firm negative answer was received.

Also on November 16, 2011, Plaintiff filed a motion for an interlocutory sale of the defendant vehicles pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), contending that an interlocutory sale is necessary since the value of the defendant vehicles is at risk of depreciation and the costs of maintenance and storage would exceed the value of the vehicles during their custody pending litigation. Plaintiff indicates that it will agree to a subsequent stay of the proceedings provided that the interlocutory sale is permitted.

Claimants did not file either a reply to the motion to stay or an opposition to Plaintiff's motion for an interlocutory sale.

## III. DISCUSSION

### A. Additional Information is Required Regarding Plaintiff's Motion for Interlocutory Sale

Plaintiff seeks a Court order authorizing an interlocutory sale of the defendant vehicles. Claimants do not oppose the motion.

Plaintiff asserts that an interlocutory sale is appropriate. Supplemental Rule E(9) pertains to the general provisions of action *in rem* and *quasi in rem* and provides:

(a) Interlocutory Sales; Delivery.

(i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold--with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court--if:

(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

(ii) In the circumstances described in Rule E(9)(a)(i), the court, on motion by a defendant or a person filing a statement of interest or right under Rule C(6), may order that the property, rather than being sold, be delivered to the movant upon giving security under these rules.

(b) Sales; Proceeds. All sales of property shall be made by the marshal or a deputy marshal, or by other person or organization having the warrant, or by any other

person assigned by the court where the marshal or other person or organization having the warrant is a party in interest; and the proceeds of sale shall be forthwith paid into the registry of the court to be disposed of according to law.

Fed. R. Civ. P. Supp. R. E(9).

Further, Supplemental Rule G(7)(b) pertains to interlocutory sale or delivery of forfeiture actions *in rem* and provides in pertinent part:

> (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
>
> > (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> >
> > (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
> >
> > (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
> >
> > (D) the court finds other good cause.

Fed. R. Civ. P. Supp. R. G(7)(b).

Plaintiff contends that an interlocutory sale is necessary because "[a]s commonly occurs with vehicles, the defendant vehicles have diminished in value due to the rapidly changing market. Each day that goes by, the equity in the defendant vehicles diminish, prejudicing Plaintiff." (Doc. 32, 15:13-15.) Plaintiff further contends that "it appears that the owner will not suffer irreparable injury if the defendant vehicles are sold." (Doc. 32, 15:15-16.)

Plaintiff asserts that the estimated market value of the defendant vehicles was $175,534.00 at the time of seizure on April 30, 2010, and that the costs incurred by the Department of the Treasury, Internal Revenue Service for storage, maintenance, and other monthly fees related to the defendant vehicles currently total $35,791.54 and continue to accrue each month. (Doc. 32, 13:4-11.) As such, Plaintiff states that an interlocutory sale is appropriate due to the significant diminishing value of the vehicles and the high costs of storage and maintenance of the vehicles.

Plaintiff, however, fails to provide sufficient information and documentation to support its assertions regarding the diminishing value of the defendant vehicles and the costs incurred by the government in storing and maintaining the vehicles. The declaration submitted in support of

Plaintiff's motion provides an estimated value of the defendant vehicles without any information to substantiate that value. (Doc. 33, Jones Decl., ¶ 13.)  The value appears to be based upon allegations in the complaint concerning the price that Edwan paid for the vehicles; however, Plaintiff submits no information or documentation to support the estimated amount.  (*See* Doc. 1, ¶¶ 29-40; Doc. 32, 8:27-11:8; Doc. 33.)  Plaintiff's declaration also indicates that Plaintiff has spent $35,791.54 to date to store and maintain the vehicles, yet again submits no documentation to substantiate that claim.

Additionally, Plaintiff's motion asserts that "it appears that the owner will not suffer irreparable injury if the defendant vehicles are sold." (Doc. 32, 15:15-16.)  It is not clear how Plaintiff reaches this assertion as some of the vehicles appear to be "classics," such as the two 1965 Ford Mustangs, the 1962 Chevrolet Impala, the 1969 Chevrolet truck, the 1972 Oldsmobile, and the 1976 Harley Davidson motorcycle. (Doc. 33, Jones Decl., ¶ 13.)  Plaintiff fails to explain whether such vehicles would be replaceable by Claimants and how Claimants would not be irreparably harmed if the vehicles were sold.

Plaintiff seeks the interlocutory sale based on the assertion that the defendant vehicles have diminished in value due to the "rapidly changing market" and will continue to diminish with "[e]ach day that goes by."  (Doc. 32, 15:13-14.)   However, Plaintiff provides no information or documentation to substantiate that assertion.  There is no information indicating the current value of the vehicles and how they have devalued since they were seized.  Nor is there information provided as to how the value of the vehicles will continue to diminish, or how the value of the "classic" vehicles is diminishing.  Plaintiff merely argues that such devaluation "commonly occurs with vehicles," but submits nothing in support of that argument.  (Doc. 32, 15:13.) Supporting evidence is especially necessary where the vehicles include "classics" that may not necessarily devalue, and may increase in value, over time.

The Court cannot authorize an interlocutory sale of the defendant vehicles based on speculation.  Plaintiff seeks an interlocutory sale based on the assertion that the defendant vehicles have and will continue to diminish in value.  As such, it is Plaintiff's burden to show that such devaluation has taken, and will continue to take, place.

**B.      Supplemental Briefing by Plaintiff**

Plaintiff shall provide supplemental information and documentation in support of the assertion of prejudice to Plaintiff made in the motion for interlocutory sale.  Claimants shall be given an opportunity to respond.

## IV.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff shall file a supplemental brief in support of its motion for interlocutory sale within fifteen (15) days of the date of this order.  This briefing shall include:

        a.    Information and documentation supporting the estimated value of the defendant vehicles *at the time of seizure*;

        b.    Information and documentation showing the *current value* of the defendant vehicles;

        c.    Documentation to support the amount paid by the government for storage and maintenance fees of the defendant vehicles; and

        d.    Documentation to support Plaintiff's assertion that the defendant vehicles have diminished and will continue to diminish in value, including an explanation as to how Claimants will *not* suffer irreparable injury if the defendant vehicles, especially the "classic" vehicles, are sold.

    2.    Claimants may file a response within seven (7) days of the filing of Plaintiff's supplemental brief.

    3.    The hearing on Claimants' motion to stay and Plaintiff's motion for interlocutory sale is CONTINUED to January 11, 2012 at 9:30 a.m.

IT IS SO ORDERED.

**Dated:   December 12, 2011**             **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE