BENJAMIN B. WAGNER
United States Attorney
HEATHER MARDEL JONES
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000  Telephone
(559) 497-4099  Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CV-01110-AWI-SKO |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| APPROXIMATELY $7,562.00 IN U.S. CURRENCY, | |
| 1972 OLDSMOBILE 442, NO LICENSE PLATE, VIN: 3J67K2M211271, | |
| 1965 FORD MUSTANG, NO LICENSE PLATE, VIN: 5R07A128707, | |
| 2008 CHEVROLET MALIBU, LICENSE:6LFA733, VIN: 1G1ZG57B88F193345, | |
| 2006 LEXUS GS300, LICENSE: 5MJJ752, VIN: JTHBH96S765000098, | |
| 1969 CHEVROLET TRUCK, NO LICENSE PLATE, VIN: CE149Z825738, | |
| 1962 CHEVROLET IMPALA, NO LICENSE PLATE, VIN: 2186F302848, | |

| | |
|---|---|
| 1976 HARLEY DAVIDSON MOTORCYCLE, LICENSE: 15U3097, VIN: 9D18597H6, | ) ) ) ) |
| 1965 FORD MUSTANG, LICENSE: CZW446, VIN: 5R07C177883, | ) ) ) ) |
| 2007 PONTIAC G6, LICENSE: 6HQG262, VIN: 1G2ZH58N974231581, | ) ) ) ) |
| 2008 PONTIAC G6, LICENSE: 6LTN600, VIN: 1G2ZM577184198639, and, | ) ) ) ) |
| 2007 CHEVROLET TRUCK, LICENSE: 8K96671, VIN: 3GCEC13C07G549423, | ) ) ) ) |
| Defendants. | ) ) ) |

Pursuant to the Waiver, Consent, and Stipulation, the Court finds:

1. This is a civil forfeiture action against defendants approximately $7,562.00 in U.S. Currency; 1972 Oldsmobile 442, no license plate, VIN:  3J67K2M211271; 1965 Ford Mustang, no license plate, VIN:  5R07A128707; 2008 Chevrolet Malibu, License:  6LFA733, VIN:  1G1ZG57B88F193345; 2006 Lexus GS300, License:  5MJJ752, VIN: JTHBH96S765000098; 1969 Chevrolet Truck, no license plate, VIN: CE149Z825738; 1962 Chevrolet Impala, no license plate, VIN:  2186F302848; 1976 Harley Davidson Motorcycle, License:  15U3097, VIN:  9D18597H6; 1965 Ford Mustang, License: CZW446, VIN: 5R07C177883; 2007 Pontiac G6, License: 6HQG262, VIN: 1G2ZH58N974231581; 2008 Pontiac G6, License: 6LTN600, VIN:  1G2ZM577184198639; and 2007 Chevrolet Truck, License: 8K96671, VIN:  3GCEC13C07G549423 (hereafter collectively "defendant assets").

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on July 5, 2011, alleging that said defendant assets are subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 21 U.S.C. § 881(a)(6).

3. On July 12, 2011, the Clerk issued a Warrant for Arrest for the defendant

1  assets. The warrant for the defendant assets was duly executed on August 1, 2011 and
2  August 10, 2011.
3    4.   Beginning on July 16, 2011, for at least 30 consecutive days, the United States
4  published notice of this action on the official government forfeiture site www.forfeiture.gov.
5    5.   In addition to the public notice on the official internet government forfeiture
6  site www.forfeiture.gov, actual notice or attempted notice was given to the following
7  individuals:
8      a. Edwan Khalid Dablan
9      b. Nasry Khalid Dablan
10      c. Nabila Dablan
11      d. Hana Sadeddeen Dablan
12      e. Anthony P. Capozzi, attorney
13    6.   On September 26, 2011, Edwan Dablan, Hana Sadeddeen Dablan, Nasry
14  Khalid Dablan, and Nabila Dablan filed a claim. No answers were filed[1]. To date, no other
15  parties have filed claims or answers in this matter, and the time in which any person or
16  entity may file a claim and answer has expired.
17    7.   As part of their plea in the related criminal case of United States v. Edwan
18  Dablan, et al., 1:10-CR-00173-AWI-SKO, defendants Edwan Dablan, Khamal Dablan,
19  and Manuel Vasquez, executed a Waiver, Consent, and Stipulation to the forfeiture of
20  their right, title, and interest of the defendant assets, subject to the terms set forth below.
21  In addition, claimants Millenium 1, Inc., Sadeddeen Dablan, Horieh Jordanan Khalid
22  Dablan, Nasry Khalid Dablan, Nabila Dablan, and potential claimants Amira Fattah,
23  Ahlam S. Ibrahim, and Hamed Ibrahim have executed the same Waiver, Consent, and
24  Stipulation.
25    Based on the above findings, and the files and records of the Court, it is hereby
26
27
---
[1] Prior to the deadline upon which to file an answer, the instant matter was stayed pending resolution of the related criminal action, United States v. Edwan Dablan, et al., 1:10-CR-00173-AWI-SKO.

ORDERED AND ADJUDGED:

1. The Court adopts the Waiver, Consent, and Stipulation entered into by and between the parties to this action.

2. That judgment is hereby entered against Edwan Dablan, Millenium 1, Inc., Hana Sadeddeen Dablan, Horieh Jordanan Khalid Dablan, Amira Fattah, Ahlam S. Ibrahim, Hamed Ibrahim, Nasry Khalid Dablan, Nabila Dablan, Khamal Dablan, and all other potential claimants.

3. Upon entry of a Final Judgment of Forfeiture herein, the defendant approximately $7,562.00 in U.S. Currency, together with any interest that has accrued on that amount, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4. Upon entry of a Final Judgment of Forfeiture herein, the following assets shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 21 U.S.C. § 881(a)(6), to be disposed of according to law:

   a. All proceeds from the interlocutory sale[2] of the seized 1965 Ford Mustang, VIN: 5R07A128707;

   b. All proceeds from the interlocutory sale of the seized 2008 Chevrolet Malibu, VIN: 1G1ZG57B88F193345;

   c. All proceeds from the interlocutory sale of the seized 2006 Lexus GS300, VIN: JTHBH96S765000098;

   d. All proceeds from the interlocutory sale of the seized 1962 Chevrolet Impala, VIN: 2186F302848;

   e. All proceeds from the interlocutory sale of the seized 1976 Harley Davidson Motorcycle, VIN: 9D18597H6;

   f. All proceeds from the interlocutory sale of the seized 1965 Ford Mustang, VIN: 5R07C177883;

   g. All proceeds from the interlocutory sale of the seized 2007 Pontiac G6, VIN: 1G2ZH58N974231581;

   h. All proceeds from the interlocutory sale of the seized 2008 Pontiac G6,

---

[2] The parties stipulated to the interlocutory sale of the seized vehicles in this case. The interlocutory sale affected the vehicles listed in items (a) through (i), and are now the substitute res.

VIN: 1G2ZM577184198639;

    i. All proceeds from the interlocutory sale of the seized 2007 Chevrolet Truck, VIN: 3GCEC13C07G549423.

5. Upon entry of a Final Judgment of Forfeiture herein, but no later than 45 days thereafter, the 1969 Chevy Truck (non-operating as-is condition), no license plate, VIN: CE149Z825738, and the 1972 Oldsmobile 442, no license plate, VIN: 3J67K2M211271, shall be returned to Claimant Edwan Dablan, through his attorney of record, Anthony P. Capozzi, 1233 W. Shaw Avenue, Suite 102, Fresno, California 93711, telephone (559) 221-0200.

6. That the United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542.

7. That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on July 5, 2011, the Court finds that there was probable cause for arrest and seizure of the defendant assets, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

8. That according to the stipulation of the parties and pursuant to 28 U.S.C. § 2465, Claimants did not substantially prevail in this action, and all parties are to bear their own costs and attorney's fees.

9. The U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed July 5, 2011, and the Waiver, Consent, and Stipulation filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure or arrest of the defendant assets, and for the commencement and prosecution of this forfeiture action.

IT IS SO ORDERED.

Dated:   August 6, 2013                         _____
                                                SENIOR  DISTRICT  JUDGE